FILED
2005 Sep-27  AM 09:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **BESSIE FRANKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-05-S-1727-NW** |
| ) | |
| **HARTFORD LIFE GROUP** ) | |
| **INSURANCE CO.,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Plaintiff Bessie Franks filed a complaint on July 8, 2005, in the Circuit Court for Lauderdale County, Alabama, against the following defendants: (1) her employer, Sara Lee Corporation ("Sara Lee"); (2) the Sara Lee Long-Term Disability Plan (the "Long-Term Plan"); and (3) Hartford Life Group Insurance Company ("Hartford"), the plan administrator for both the Long-Term Plan and the Sara Lee Short-Term Disability Plan (the "Short-Term Plan").[1] Plaintiff acknowledged that the Long-Term Plan was covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), but asserted that the Short-Term Plan was a payroll practice plan exempt from the requirements of ERISA. She asserted claims of bad faith and breach of contract against Hartford and Sara Lee, based on their alleged failure to pay her

---

[1] Complaint, appended as Exhibit A to doc. no. 1 (Notice of Removal).

benefits under the Short-Term Plan. She requested compensatory and punitive damages on the bad faith claim, and she requested a jury trial on both the bad faith claim and the breach of contract claim. She also asserted a claim against Hartford and the Long-Term Plan for denial of long-term disability benefits pursuant to ERISA.

Defendants jointly removed plaintiff's complaint to this court on August 12, 2005, asserting federal jurisdiction based on both diversity of citizenship and the ERISA statute.[2] On that same date, defendants moved to dismiss plaintiff's state law claims and her claims for extracontractual damages, on the basis that those claims are preempted by ERISA.[3] Defendants also moved to strike plaintiff's jury demand, on the grounds that an ERISA plaintiff is not entitled to a trial by jury.[4]

Plaintiff responded to defendants' motion on August 31, 2005, stating she had discovered that the Short-Term Plan actually was an ERISA plan instead of a payroll practice plan.[5] She acknowledges that defendants' motion to dismiss and to strike should be granted,[6] and she requests permission to file an amended complaint, asserting her claims for both short-term disability benefits and long-term disability

---

[2] Doc. no. 1 (Notice of Removal).

[3] Doc. no. 7 (Motion to Dismiss Plaintiff's State Law Claims and Claims for Extracontractual Damages and to Strike Demand for Jury Trial Pursuant to ERISA).

[4] *See id.*

[5] *See* doc. no. 9 (Plaintiff's Response).

[6] *See id.* ("The Plaintiff agrees that the Defendants' Motion to Dismiss State Law Claims and to Strike Plaintiff's Demand for Jury Trial and Extra Contractual Damage claims should be granted.").

benefits pursuant to ERISA.[7]  She also moved to dismiss Sara Lee as a defendant. Defendants do not object to plaintiff's motion for leave to amend, or her motion to dismiss Sara Lee.[8]

Accordingly, based on the foregoing, defendants' motion to dismiss plaintiff's state law claims and her claims for extracontractual damages, and to strike plaintiff's jury demand, will be granted.  Plaintiff's motion for leave to file an amended complaint, and her motion to dismiss Sara Lee, also will be granted.  An appropriate order will be entered contemporaneously herewith.

DONE this 26th day of September, 2005.

_____
United States District Judge

---

[7]Doc. no. 10 (Motion for Leave to File Amended ERISA Complaint).

[8]*See* doc. no. 11 (Defendants' Response to Plaintiff's Motion for Leave to Amend Complaint).